UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FOUR FIBERS, L.L.C. and
BRETT ROTHFUSS,

                 Plaintiffs,

v.

KEPS TECHNOLOGIES, INC.,
d/b/a ACD.NET.,

                 Defendant.
_____/

Case No. 2:18-cv-13867
Chief Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

# ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCOVERY (ECF 37), AS NARROWED BY THE JOINT LIST OF UNRESOLVED ISSUES (ECF 50), and GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SANCTIONS AND TO COMPEL DEPOSITION (ECF 44)

**A.    Introduction**

This is a breach of contract case. In Plaintiffs' December 2018 first amended complaint, they "estimate that Defendant owes to Plaintiffs sales commission payments in excess of approximately $10,000,000.00." (ECF 5 ¶ 21.) Later, within the August 2019 interrogatory answers, Plaintiffs calculated their damages at $50,215,323.60. (ECF 37 at 74-75.)

**B.    Pending Matters**

Currently before the Court are: (1) Defendant's October 1, 2019 motion to compel discovery (ECF 37), regarding which Plaintiffs have filed a response and

1

Defendant has filed a reply (ECFs 40, 42); and, (2) Defendant's October 23, 2019 motion for sanctions and to compel deposition (ECF 44), regarding which Plaintiffs have filed a response (ECF 49).¹  On November 22, 2019, the parties submitted joint lists of unresolved issues.  (ECFs 50, 51.)

      Chief Judge Hood referred these motions to me for hearing and determination, and, ultimately, a hearing was held on November 25, 2019, at which attorneys Stephen P. Dunn and Norman C. Witte appeared.  (ECFs 41, 43, 46, 47, 48.)  The Court entertained oral argument on the motions, after which the Court issued its rulings from the bench.

---

¹ Defendant's earlier filed motion was submitted as a single, 102-page document (ECF 37 at 1-102), and the latter motion was submitted in four parts, with a combined 544 ages for Exhibits A-D (ECF 44-2).  As defense counsel was cautioned during oral argument, <u>further filings should comply with this Court's Electronic Filing Policies and Procedures, especially R18(b)(3)</u> ("Each exhibit must then be filed and identified as a separate attachment to the paper, and must be labeled in the electronic record with an exhibit identifier and brief narrative description.").  Doing so makes it easier for the Court to find, for example, Brett Rothfuss's September 27, 2019 deposition (ECF 44-2 at 1-150 [Exhibit A]), Brett Rothfuss's December 14, 2010 deposition (ECF 44-2 at 151-188 [Exhibit B]), Jennifer Rothfuss's September 26, 2019 deposition Exhibit C (ECF 44-2 at 189-307), and Schoen's September 12, 2019 deposition (ECF 44-2 at 308-544 [Exhibit D]).  Moreover, the parties are reminded that Judge's copies of future filings must be submitted in accordance with:  (a) E.D. Mich. LR 5.1.1 ("Judge's Copies."); and, (b) the Undersigned's practice guidelines on motion practice, namely the portion on "Courtesy Copies[,]" which are available at www.mied.uscourts.gov. ("Exhibits on the courtesy copy <u>must be separated by protruding tabs</u>, and relevant portions of exhibits <u>must be highlighted</u>. The courtesy copy should be filed document(s) containing the electronic date stamp, ECF pagination, and docketing information on the top of the page.") (emphases in original.)

**C. Order**

**1. Defendant's motion to compel (ECF 37)**

For the reasons stated on the record, all of which are incorporated by reference as though fully restated herein, Defendant's October 1, 2019 motion to compel (ECF 37), as narrowed by the joint list of unresolved issues (DE 50), is **GRANTED**. First, Plaintiffs' boilerplate and general objections are overruled. As set forth in my online practice guidelines: "In responding to discovery requests, form or boilerplate objections shall not be used and, if used, may subject the party and/or its counsel to sanctions. Objections must be specific and state an adequate individualized basis." *See* http://www.mied.uscourts.gov. *See also Wesley Corp. v. Zoom T.V. Products, LLC*, No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018) (Cleland, J.); *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209-10 (E.D. Mich. 2018) ("Boilerplate objections are legally meaningless and amount to a waiver of an objection."); *accord Strategic Mktg. & Research Team, Inc. v. Auto Data Sols., Inc .*, No. 2:15-CV-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) ("Boilerplate or generalized objections are tantamount to no objection at all and will not be considered by the Court."); *Auburn Sales, Inc. v. Cypros Trading & Shipping, Inc.*, No. 14-cv-10922, 2016 WL 3418554, at *3 (E.D. Mich. June 22, 2016) ("This Court has repeatedly found that the filing of boilerplate objections is tantamount to filing no objections at all.").

Second, no later than **Monday, December 9, 2019**, Plaintiffs shall: **(1)** produce paper copies of 2010 Federal Income Tax Returns; (**2**) produce any Forms 1099, Forms W2, and State of Ohio Income Tax Returns for the years 2010 to present; (**3**) serve a full and complete answer to Interrogatory No. 1, without objection, which shall divide their list of witnesses (as identified on their witness list and in their initial disclosures) between "will call" and "may call" witnesses and may divide witnesses into other specific categories, but must provide distinct summaries of their anticipated testimony; and, **(4)** serve a full and complete answer to Interrogatory No. 8, *i.e.*, disclose the date upon which Brett Rothfuss first met with counsel in connection with this case, Plaintiffs' objections to this interrogatory being **OVERRULED**. *Humphreys, Hutcheson & Moseley v. Donovan*, 755 F.2d 1211, 1219 (6th Cir. 1985) ("In general, the fact of legal consultation or employment, clients' identities, attorney's fees, and the scope and nature of employment are not deemed privileged."). Plaintiffs' compliance with these directives shall be in accordance with Fed. R. Civ. P. 33(b) and Fed. R. Civ. P. 34(b)(2).

Finally, there is Defendant's request for "its actual attorneys' fees in bringing this motion pursuant to FED. R. CIV. P. 37(a)(5)[,]" (ECF 37 at 3, 28), which the Court will apply to the narrowed motion. While the tax record issue merited this Court's consideration, *i.e.*, it was "substantially justified," Fed. R. Civ.

4

P. 37(a)(5)(A)(ii), Plaintiffs' answer to Interrogatory No. 1 was unresponsive. Moreover, Plaintiffs' answer to Interrogatory No. 8 was equivocal and contrary to the case law. *See*, *e.g.*, *Kuriakose v. Veterans Affairs Ann Arbor Healthcare Sys.*, No. 14-CV-12972, 2016 WL 4662431, at *8 (E.D. Mich. Sept. 7, 2016) (Majzoub, M.J.) Additionally, as explained above, general objections have long been disfavored by this Court. Therefore, no later than **Monday, December 9, 2019**, Plaintiffs Four Fibers and Brett Rothfuss *and* their counsel - Howard & Howard Attorneys, P.L.L.C. - shall reimburse Defendant in the amount of $870, *i.e.*, 3 hours at an hourly rate of $290, for its "*reasonable expenses* incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphases added).[2]

### 2. Defendant's motion for sanctions and to compel deposition (ECF 44)

For the reasons stated on the record, all of which are incorporated by reference as though fully restated herein, Defendant's October 23, 2019 motion for sanctions and to compel deposition (ECF 44) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the motion is **DENIED** to the extent it seeks permission to further depose non-party Jennifer Rothfuss or costs and expenses

---

[2] This is a reduction from the 6 or more hours requested by Defendant, which the Court believes to be reasonable; however, the reduction takes into account the relative merits of the tax record issue, which was at least debatable. Plaintiffs conceded the reasonableness of the requested hourly rate at oral argument.

related to her September 26, 2019 deposition (ECF 44 at 2 ¶¶ A-C, E), as Defendant has not made clear (in briefing or at oral argument) its need for further testimony from her.  The motion is **GRANTED** to the extent it seeks permission to further depose Brett Rothfuss, but it is **DENIED** to the extent it seeks an "an additional two days of deposition, in open court and with judicial supervision . . . ." (ECF 44 at 2 ¶ A).  Instead, <u>Defendant may only depose Brett Rothfuss for an additional 7 hours outside of the courthouse and without judicial supervision</u>. Having reviewed the transcripts of Brett Rothfuss's December 14, 2010 deposition in an unrelated case (ECF 44-2 at 151-188) and the transcript of Brett Rothfuss's September 27, 2019 deposition in the instant matter (ECF 44-2 at 1-150), the Court concludes that:  (1) he is capable of answering questions much more directly than he did here and without evasion; and, (2) he, himself, is largely at fault for impeding, delaying or frustrating his fair examination in this case. Fed. R. Civ. P. 30(d)(2).  Even if, as his counsel argued, Brett Rothfuss *eventually* answered certain of the questions posed to him, it should not have been necessary for Defendant's counsel to ask simple, straightforward questions multiple times.  It should suffice to ask once and get an answer on the first attempt.  As a consequence of this behavior, Brett Rothfuss will be required pay the court reporter's fee <u>and</u> defense counsel's fee (*i.e.*, one attorney at an hourly rate of $290

for a maximum of 7 hours) for his continued deposition.  These fees must be paid to Defendant within 30 days of invoicing.

<u>The deposition must be recorded by video</u>.  Any objections by counsel – Plaintiffs' or Defendant's –  shall comport with Fed. R. Civ. P. 30(c)(2) ("*Objections*.").  Moreover, the Court encourages counsel to use standard objections, where appropriate, and place continuing objections at the beginning of the record.  Also, the Court reminds counsel of the various other guidelines that were issued from the bench, such as:  not using speaking objections; limiting objections to form, foundation or privilege; allowing an opportunity to cure; and refraining from use of extraneous or uncivil comments.  (*See, e.g.*, ECF 44-2 at 98 [Trans. of J. Rothfuss's Dep.].)  Suggesting answers or causative factors within objections, *i.e.*, coaching, is likewise prohibited.  (*See*, *e.g.*, *Id.* at 93-94, 96-98.)

Recognizing the potential importance of the aforementioned discovery to Brett Rothfuss's continued deposition, and the upcoming discovery deadline, this deposition shall take place no later than **Friday, December 20, 2019**.  In advance of the deposition, counsel for the parties are directed to review this Court's Civility Principles, especially Nos. 21 and 22.  *See* http://www.mied.uscourts.gov/PDFFIles/08-AO-009.pdf.

Defendant's requests for attorney's fees and costs associated with the September 2019 Rothfuss depositions (ECF 44 at 2 ¶¶ B-C) and the Rule 37(a)(5)

request for its actual attorneys' fees in bringing this motion (ECF 44 at 2 ¶ D) are **DENIED**. Fed. R. Civ. P. 37(a)(5)(C). Finally, the Court declines to take Defendant's suggestion to "dismiss Plaintiffs' claims with prejudice" if "Plaintiffs engage in this abusive conduct a second time . . . ." (ECF 44 at 3 ¶ E.) The Undersigned assumes that Plaintiffs will comply with this Order. Should Plaintiffs fail to do so in any respect, Defendant may seek sanctions under Fed. R. Civ. P. 37(b), up to and including dismissal of this case with prejudice and/or contempt of court.

**IT IS SO ORDERED.**

**Dated:** November 27, 2019

Anthony P. Patti
U.S. MAGISTRATE JUDGE