UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FOUR FIBERS, L.L.C. and
BRETT ROTHFUSS,

          Plaintiffs,

v.

KEPS TECHNOLOGIES, INC.,
d/b/a ACD.NET.,

          Defendant.
_____/

Case No. 2:18-cv-13867
Chief Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

# ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXTEND DISCOVERY AND ADJOURN DEPOSITION (ECF NO. 60)

This is a breach of contract case. On December 23, 2019, Chief Judge Hood entered a stipulated order, which extended the deadline to complete all discovery in this case to January 31, 2020 and the dispositive motion cut-off date to February 25, 2020. (ECF No. 54.)

Currently before the Court is Defendant's January 15, 2020 motion to extend discovery and adjourn deposition. (ECF No. 60.) Plaintiffs have filed a response, and Defendant has filed a reply. (ECF Nos. 65, 68.)[1]

---

[1] The Court notes that defense counsel improperly refers to the Undersigned as "Magistrate Patti," in a January 7, 2020 email to Plaintiffs' counsel (ECF No. 65-13, PageID.1507) and in the instant motion (ECF 60-1, PageID.1306, 1308). The title *magistrate* has not been utilized in the U.S. Courts for the past 30 years,

1

Chief Judge Hood referred this motion to me for hearing and determination, and, ultimately, a hearing was held on February 13, 2020, at which attorneys Stephen P. Dunn and Norman C. Witte appeared. (ECF Nos. 61, 62.) The Court entertained oral argument on the motion, after which the Court issued its ruling from the bench.

For the reasons stated on the record, all of which are incorporated herein by reference, Defendant's January 15, 2020 motion to extend discovery and adjourn deposition (ECF No. 60) is **GRANTED IN PART** and **DENIED IN PART**. More specifically, working from Defendant's prayer for relief (ECF No. 60, PageID.1290), the Court will extend the January 31, 2020 discovery deadline, but only for the purpose of Defendant taking Plaintiff Brett Rothfuss's deposition, which must occur on or before **Thursday, February 20, 2020**. Moreover, should Defendant wish to go forward with Defendant Rothfuss's deposition in this late

---

having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, Pub. L. No. 101-650, §321, 104 Stat. 5089 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). *See* Ruth Dapper, *A Judge by Any Other Name? Mistitling of the United States Magistrate Judge*, 9 Fed. Courts L. Rev. 1, 5-6 (2015). Thus, the word "magistrate" is no longer appropriately used as a noun in federal courts, but only as an adjective, indicating the *type* of judge to which one is referring. I note that the case law also sometimes uses the term "magistrate," perhaps because some cases may involve "magistrates" as defined under pertinent *state* law, but at other times just out of carelessness in reference to federal magistrate judges. In the latter case, it is the equivalent of calling a district judge "district," a bankruptcy judge "bankruptcy," a circuit judge "circuit," or perhaps just as inappropriately, a lieutenant colonel "lieutenant."

date range, Defendant will now have to pay its own costs and expenses associated with the deposition, which is *otherwise* subject to the same parameters previously established by the Court. (ECF No. 53, PageID.1248-1249.) Finally, the dispositive motion deadline remains the same, *i.e.*, **Tuesday, February 25, 2020**.

**IT IS SO ORDERED.**

**Dated:** February 14, 2020

s/*Anthony P. Patti*
Anthony P. Patti
U.S. MAGISTRATE JUDGE